**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **1. JUSTIN BURKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIV-24-921-D** |
| | ) | |
| **1. TGW SYSTEMS INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | **ATTORNEY'S LIEN CLAIMED** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Justin Burke, and for his Complaint against the Defendant alleges and states as follows:

**PARTIES**

1. Plaintiff, Justin Burke, is an adult male, residing in McClain County, Oklahoma.

2. Defendant is TGW Systems Inc., an entity doing business in and around Oklahoma City, Oklahoma.

**JURISDICTION AND VENUE**

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: (a) religious discrimination and retaliation in violation of Title VII of the Civil Rights Act; and (b) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court

under 28 U.S.C. §1331.

5. To the extent required, Plaintiff has exhausted his administrative remedies. He timely filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 7, 2024. The EEOC issued Right to Sue letters dated June 24, 2024. This case was timely filed within ninety (90) days of Plaintiff's receipt of such Right to Sue letters.

6. All acts complained of herein occurred in or around Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. §1391(b)

**STATEMENT OF FACTS**

7. Plaintiff (DOB: 8/1977) began his employment with Defendant as a Site Engineering Manager at the Jasco location on or about July 26, 2021.

8. Plaintiff performed his job in a satisfactory manner. He received positive feedback on his performance and received positive performance evaluations throughout his employment.

9. Despite this, Plaintiff was fired on or about February 1, 2024 by Manager of Onsite Services Michael Elliot and HR Business Partner Caroline Gallagher. Both individuals are significantly younger than Plaintiff.

10 As background, in or around April 2022 then-HR Representative Lauren Havey and HR Director Lee Baker conducted an investigation into the issue of Plaintiff inviting co-workers to church. Then-CEO Mario Herndl told Plaintiff not to invite people to church.

11. In or around September/October of 2023, Plaintiff received a high score on his annual performance evaluation. At that time, Defendant had a new policy where the employee was to receive a higher percentage increase if they scored well. However, upon information and belief, Plaintiff received the same merit-based raise as those who received average scores.

12. When Plaintiff questioned this, Manager Elliot became angry with him.

13. In or around December 2023, Plaintiff applied for the "Manager" of Life Time Services ("LTS") Sales position. Around the same time, Elliot applied for the "Director" of LTS position.

14. On or about December 14, 2023, to ensure high productivity and efficiency, Plaintiff gave Lead Forrest Lewis the day off for a mandatory Saturday shift to take place on or about December 16, 2023. Link Chipman, TGW Resident Automation Tech, was upset because he wanted the day off.

15. On or about December 15, 2023, Manager Elliot told Plaintiff that he felt it was best to let Chipman have the day off, but Plaintiff had the final say.

16. Plaintiff ultimately gave Lewis and Chipman the day off, and Plaintiff worked the shift himself.

17. On or about December 19, 2023, Manager Elliot wrote Plaintiff up for the Lewis/Chipman incident, and told Plaintiff, "I need you to shut up and listen."

18. Around the end of December 2023, CEO Christian Lahnsteiner, HR Rep Lauren Soderberg, and Director of LTS Northern Europe Nathan Goueie interviewed

Plaintiff for the Manager of LTS Sales position.

19. Plaintiff was not selected. Upon information and belief, a significantly younger and less qualified individual was hired into the position.

20. Moreover, upon information and belief, the individual who was hired was not part of the original application group. Instead, Elliot assisted the individual into becoming a candidate for the role after the application deadline had passed.

21. On or about January 2, 2024, Plaintiff spoke to HR Director Baker about the issues with Manager Elliot, stating his belief that Elliot was retaliating against Plaintiff. Baker laughed at Plaintiff and said she would set a meeting to address it, but none occurred.

22. Upon information and belief, in or around January 2024, HR Rep Gallagher began asking employees if Plaintiff had invited them to church.

23. In or around mid-January 2024, Plaintiff joined a weekly prayer group at Jasco. Plaintiff's attendance at such prayer group was noted on his calendar, to which Elliot and others had access.

24. Throughout Plaintiff's employment, he often listened to Christian music and played the audio Bible App in his office.

25. On or about January 26, 2024, Elliot wrote Plaintiff up, making accusations against Plaintiff, including the fact that he invited others to church.

26. On or about January 29, 2024, Plaintiff was working on preventative maintenance ("PM") with Lewis, ensuring PMs were being done correctly, particularly in light of the fact that Defendants had an annual audit set in February 2024.

27. The same day, Elliot and Gallagher accused Plaintiff of retaliating against Lewis in relation to the PMs. Plaintiff explained he was assisting Lewis and denied any retaliation.

28. Gallagher directed Plaintiff to leave the facility and suspended him without pay pending an investigation.

29. On or about February 1, 2024, Elliot and Gallagher (both of whom are significantly younger than Plaintiff) told Plaintiff that he was fired.

30. Plaintiff told them he felt he was being retaliated against due to his religion. Elliot and Gallagher did not respond.

31. Upon information and belief, after Plaintiff was terminated, he was replaced by Lewis (who is believed to be in his early-30s).

**COUNT I: Title VII (Religion)**

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of religious discrimination.

33. Plaintiff is entitled to relief under Title VII for religious discrimination because he suffered adverse employment actions; at the time the actions were taken, his performance was satisfactory and the adverse action occurred under circumstances giving rise to an inference of religious discrimination.

34. Plaintiff is also entitled to relief under Title VII for retaliation because Plaintiff

engaged in protected opposition to religious-based discrimination; he suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

35. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

36. Because the actions of Defendants were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is also entitled to punitive damages.

**COUNT II: ADEA**

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

37. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

38. Plaintiff is entitled to relief under the ADEA because at all relevant times hereto, Plaintiff was over the age of forty (40), was qualified for his job, was discharged and his job was not eliminated after his termination. His termination reason was pretextual. And, Plaintiff is believed to have been replaced by a significantly younger individual.

39. Plaintiff is also entitled to relief under the ADEA because he was over age forty (40), he applied for and was qualified for the Manager of LTS Sales position; he was rejected under circumstances giving rise to an inference of unlawful discrimination, including *inter alia* that the person selected for the position is believed to be a less-qualified and significantly younger individual.

40. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is entitled to liquidated damages based on Defendants' willful misconduct.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess lost wages, including back pay and front pay, actual, compensatory, emotional distress damages, liquidated damages and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, all other damages available under federal law, and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 6TH DAY OF SEPTEMBER, 2024.**

s/*Jana B. Leonard*
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA #18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED